IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>v.<br><br>Cody Christian Likens,<br><br>        Defendant. | No. CR-25-01354-001-TUC-AMM (MSA)<br><br>**ORDER** |

Pending before the Court is Defendant Cody Christian Likens's motion to reopen the evidentiary hearing and compel discovery. The motion will denied.

The background of this case is set forth in the contemporaneously filed report and recommendation. As to the present motion, Defendant asserts that the Oro Valley Police Department's (OVPD) radio logs, master call table, and 911 recordings show that only one "Attempt to Locate" was generated, and that that call did not include verified information regarding a suspended license; that the first call was logged as "Suspicious Activity" and closed because of "No Contact"; and that the 911 callers did not identify themselves as Defendant's neighbors but were instead anonymous. (Doc. 53 at 2.) He further asserts that the testimony conflicts with "contemporaneous classification of the event as cite-and-release rather than custodial arrest; timestamp irregularities and gaps in radio/CAD traffic during critical periods; and prior documented interactions between OVPD and [himself]." (*Id.*) Based on the foregoing, Defendant makes three requests.

*First*, Defendant seeks to reopen the evidentiary hearing so that the Court can take

testimony from OVPD officers, OVPD dispatchers, OVPD records custodians, the 911 callers, and the civilians who attended the October 1 meeting with OVPD. (*Id.* at 3–4.) Several of the witnesses would be relevant to showing pretext. (*See id.* at 3 (requesting testimony from "OVPD personnel who instructed residents to surveil Defendant and 'call anonymously' so that officers could 'catch him'").) The Court resolved that issue in Defendant's favor, so those witnesses would be superfluous. Other witnesses appear to not be relevant to the suppression issue at all. (*See id.* at 4 (requesting testimony from "agents from the prosecuting office to address communications between OVPD and federal authorities regarding federal adoption of the case").) Outside of the selective prosecution context, the Government's charging decisions generally are not the Court's business. In any event, the Court finds that the testimony already provided is sufficient to decide Defendant's motion to suppress. The Court will deny Defendant's request to reopen the hearing.

*Second*, Defendant seeks an order compelling the Government to disclose certain *Brady* and *Giglio* information. (*Id.* at 4–6.) The Government notes that Defendant did not make a discovery request before filing his motion, and it asserts that it has complied with its discovery obligations. (Doc. 56 at 4.) The specific requests at issue are as follows:

(1) Complete, unredacted OVPD dispatch records concerning the October 3 stop. The Government responds that it has provided all information it has concerning the stop. The Court finds that the Government need not respond further.

(2) Full audio of the 911 calls and radio traffic relating to the October 3 stop. The Government responds that it has produced the 911 calls and radio traffic relating to the second call, and that it will request from OVPD and disclose the radio traffic relating to the first call. The Court finds that, after disclosing the radio traffic relating to the first call, the Government need not respond further.

(3) Documents concerning the October 1 meeting between OVPD and Defendant's neighbors. The Government responds that it requested materials from OVPD relating to the October 1 meeting, and OVPD had nothing responsive. However, Defendant

asserts that he obtained responsive documents through FOIA requests, including a document showing that the neighbors wanted OVPD to "catch" Defendant. While those documents are not in the record, the Court finds that Defendant's assertion is credible. Still, the documents would be relevant only to the issue of pretext, and the Court has already resolved that issue in Defendant's favor. The Court finds that the Government need not respond further.

(4) OVPD policies regarding towing, inventory searches, high-risk traffic stops, and use of force. The Government responds that the towing and search policies are already in the record and, moreover, are available publicly. The Government says that it has no obligation to turn over materials relating to high-risk traffic stops and use of force, as such materials are not relevant to the suppression motion or this case generally. The Government further says that Defendant's request is a transparent fishing expedition for information to support his civil case arising from his arrest in this matter. The Court agrees that such materials are irrelevant and need not be disclosed. The Court finds that the Government need not respond further.

(5) Communications between OVPD and the Government regarding the decision to file federal charges and to request sealing of the case on the ground that Defendant was a fugitive, documents submitted in support of the fugitive designation, and documents relating to warrantless monitoring of Defendant during the period between dismissal of his state charges and his arrest on federal charges. The Government responds that documents regarding its charging decision are irrelevant, and that it is unaware of the existence of any material concerning monitoring of Defendant. The Court agrees with the Government that the information is irrelevant to both the suppression issue and the charges. The Court finds that the Government need not respond further.

*Third*, Defendant requests that the Court issue subpoenas for witnesses and documents. (Doc. 53 at 6–7.) The Court declines to reopen the evidentiary hearing and thus will not authorize witness subpoenas. As to the documents, Defendant desires to subpoena OVPD and other parties to compel production of OVPD dispatch records and recordings;

OVPD policies regarding towing, inventory searches, and high-risk traffic stops; documents regarding the October 1 meeting and later surveillance of Defendant; and documents concerning the fugitive designation, sealed indictment, and coordination between OVPD and the Government. (*Id.* at 7.) The Court will deny this request. Subpoenas duces tecum are "not intended to provide a means of discovery for criminal cases." *United States v. Nixon*, 418 U.S. 683, 698 (1974). The party requesting a subpoena "must clear three hurdles: (1) relevancy; (2) admissibility; and (3) specificity." *Id.* at 700. Further, subpoenas generally are improper when the information sought is obtainable through other means. *Id.* at 699. The Government has disclosed or is in the process of disclosing the OVPD records and relevant policies; the policies regarding high-risk stops and use of force are not relevant; the documents concerning the October 1 meeting go to an issue that the Court has already decided in Defendant's favor; and the documents concerning the sealing of this case are not relevant. Defendant has not shown that the issuance of subpoenas for the foregoing purposes is proper.

* * *

**IT IS ORDERED** that the motion to reopen the evidentiary hearing and compel discovery (Doc. 53) is **denied**.

Dated this 19th day of December, 2025.

_____
Honorable Maria S. Aguilera
United States Magistrate Judge