CODY CHRISTIAN LIKENS
10065 N. Alderspring Dr.
Oro Valley, AZ 85737
520-425-7415
codylikens1@gmail.com
Defendant, Pro Se



# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, <br> Plaintiff, <br><br> vs. <br><br><br><br> Cody Christian Likens, <br> Defendant. | No. CR25-1354-TUC-AMM (MSA) <br><br> EMERGENCY MOTION |

**EMERGENCY MOTION FOR IN-CAMERA REVIEW AND LIMITED DISCLOSUREOF SEALED MATERIALS UNDERLYING "FUGITIVE" DESIGNATION; AND FOR ARREST/EXECUTION RECORD RECONCILIATION**

**(Assigned to the Honorable Angela M. Martinez)**

Defendant Cody Christian Likens, **pro se**, moves on an emergency basis for a narrowly tailored order requiring **in-camera review** and limited disclosure (under protective conditions if necessary) of the sealed factual materials relied upon to (1) characterize Defendant as a "fugitive" and (2) seal and continue sealing the indictment. This motion is directed solely to

1

due process and the integrity of the Court's record. It does not seek to relitigate Defendant's October 3, 2024 suppression issues and is unrelated to any civil remedies. The relief requested is grounded in the Federal Rules of Criminal Procedure and the Court's obligation to ensure fundamental fairness.

## I. REQUESTED RELIEF

*Defendant respectfully requests that the Court:*

1. Order the United States to submit for in-camera review all sealed materials relied upon to support the "fugitive" characterization and the sealing and continued sealing of the indictment, including any affidavit(s), declaration(s), factual proffer(s), or documentation reflecting purported attempts to locate Defendant;

2. Order the United States to identify the affiant(s) and source(s) of the factual predicate supporting the "fugitive" characterization (name, agency, and role);

3. After in-camera review, order tailored disclosure to Defendant of any non-privileged, non-grand-jury factual basis necessary to permit a meaningful challenge, by redacted copy, court-approved summary, or limited production under protective order;

4. Order limited reconciliation of the arrest-execution record by requiring identification of the arresting agency and officers and production (or in-camera submission) of minimal execution and custody-transfer documentation sufficient to reconcile the existing record; and

2

5. Set a sealing status review and require the United States to justify continued sealing with a specific factual showing (in camera if necessary).

---

## II. STATEMENT OF FACTS AND DUE DILIGENCE

### 1. Sealing was sought on a "fugitive" predicate.

The United States moved to seal the indictment and related filings "for the reason that the defendant is a fugitive" and requested that those materials remain sealed until further order of the Court. *(Ex. A)*.

### 2. Exhibit designation.

For purposes of this emergency motion only, Defendant's supporting materials are identified by alphabetical exhibit designations (Exs. A–F), consistent with federal motion practice and without prejudice to any exhibit-numbering scheme the Court may later order for evidentiary proceedings or trial.

### 3. Arrest occurred, yet the case remains sealed long thereafter.

The public arrest warrant return reflects an arrest date of April 7, 2025 and includes a notation stating that the subject was "arrested by ATF," yet contains no arresting officer signature, printed name, or title. *(Ex. C)*. As of the filing of this motion, the indictment remains sealed **more than 250 days after arrest**, far exceeding any short-term purpose associated with locating a defendant.

## 4. *Defendant exercised diligence and remained locatable.*

Defendant requested that prior counsel address the "fugitive" designation and sealing predicate; counsel declined. Defendant then raised the issue with the Government and received no substantive explanation of the factual basis for the designation or continued sealing.

Defendant further proffers that he was **present in state court on the date the sealing order was entered** and possesses contemporaneous written communications from OVPD command staff acknowledging that appearance the same day. *(Exs. B, D).*

## 5. *Objective records reflect ongoing law-enforcement awareness.*

Defense-obtained OVPD ACJIS/NCIC/MDC records reflect approximately **150** database queries concerning Defendant conducted by OVPD personnel between the date of sealing and the date of arrest. These entries demonstrate sustained administrative awareness and monitoring of Defendant during the sealed period. *(Ex. E).*

## 6. *Sworn proffer regarding arrest execution.*

Defendant submits a sworn declaration proffering that he was taken into custody by Oro Valley Police Department officers the day prior to the date reflected on the warrant return and that ATF agents were not physically present or exercising command authority at the scene. *(Ex. F).*

## 7. *Exhibit filing posture.*

Defendant submits Exhibits A–C publicly (the federal sealing order, the March 5, 2025 state-court docket entry reflecting Defendant's appearance, and the arrest warrant/return), and lodges Exhibits D–F under seal (OVPD ACJIS/NCIC/MDC query records; an OVPD command email regarding lack of MOU or cross-designation; and March 5, 2025 email chains acknowledging

4

Defendant's court appearance and discussing the October 1 neighborhood meeting), as set forth in Defendant's Motion to Lodge Exhibits Under Seal.

## III. LEGAL STANDARD

Criminal proceedings and records carry a strong presumption of openness, and sealing requires specific findings and narrow tailoring. *Press–Enterprise Co. v. Superior Court (Press–Enterprise II)*, 478 U.S. 1 (1986); *Phoenix Newspapers, Inc. v. U.S. Dist. Court*, 156 F.3d 940 (9th Cir. 1998).

Courts may employ in-camera review as a practical and less intrusive mechanism to assess contested predicates before ordering disclosure. *United States v. Zolin*, 491 U.S. 554 (1989). Where confidentiality is asserted, in-camera review and tailored disclosure safeguard fairness. *Pennsylvania v. Ritchie*, 480 U.S. 39, 56–58 (1987). Due process principles favor procedures sufficient to permit a meaningful challenge to material factual predicates relied upon by the Government. *Id.*; *Smith v. Illinois*, 390 U.S. 129, 131 (1968).

## IV. ARGUMENT

### A. In-camera review is warranted and minimally intrusive.

The sealing request rests on a conclusory "fugitive" characterization while the asserted factual basis remains inaccessible. *(Ex. A)*. In-camera review protects any legitimate sensitivity while ensuring the Court's record is accurate. *Zolin*, 491 U.S. 554.

### B. *Continued sealing after arrest requires specific justification.*

Once Defendant is arrested and before the Court, continued secrecy premised on fugitive status must be supported by particularized findings. *Press–Enterprise II*, 478 U.S. 1; *Phoenix Newspapers*, 156 F.3d 940. The seal's continuation more than 250 days after arrest warrants judicial review. *(Ex. C)*.

### C. *The arrest-execution record warrants limited reconciliation.*

The warrant return's notation "arrested by ATF," absent sworn attestation or officer identification, conflicts with Defendant's sworn proffer. *(Exs. C, F)*. A narrow order identifying the arresting agency and officers, and producing minimal custody-transfer documentation, is appropriate to reconcile the record without litigating merits.

### D. *Due process supports testing secret factual predicates.*

Defendant does not seek disclosure of grand-jury deliberations. However, material factual assertions used to justify sealing cannot remain wholly untestable. In-camera review with tailored disclosure is the appropriate safeguard to ensure notice and a meaningful opportunity to be heard. *Ritchie*, 480 U.S. at 56–58; *Smith*, 390 U.S. at 131.

---

## V. PRESERVATION OF RIGHTS

Defendant preserves all rights to seek appropriate relief if the in-camera record reflects material misstatements or omissions. Defendant further preserves due process objections, including lack of notice and opportunity to be heard, to the extent the Court's in-camera review reveals that

the sealed predicate supporting the "fugitive" characterization or continued sealing was materially incomplete or inaccurate.

## VI. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant the relief set forth above and consider this matter on an expedited basis.

Respectfully submitted, *[signature]*

DATED: January 2nd, 2025

/s/ Cody Christian Likens

Cody Christian Likens

Defendant, Pro Se

10065 N. Alderspring Dr.

Oro Valley, AZ 85737

(520) 425-7415