IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>v.<br><br>Cody Christian Likens,<br><br>        Defendant. | No. CR-25-01354-001-TUC-AMM (MSA)<br><br>**ORDER** |

This Order resolves several pending matters.

**1.    Emergency Motion for In-Camera Review (Doc. 69)**

On December 15, 2025, Defendant Cody Likens filed an "Emergency Motion for In-Camera Review and Limited Disclosure of Sealed Materials Underlying 'Fugitive' Designation; and for Arrest/Execution Record Reconciliation." (Doc. 62.) The Clerk of Court docketed the motion under seal, and the Court later denied it in a public Order dated December 19. (Doc. 65.) In his pending objections to that Order, Defendant clarifies that his motion should not have been sealed. (Doc. 71 at 5 n.1.) He therefore "include[d] the Emergency Motion as an attachment to [his Objections] solely to ensure a complete and accurate record for review and to avoid any ambiguity regarding the substance of the relief sought." (*Id.*)

Although Defendant intended to include a copy of his motion as an attachment to his objections, he submitted it signed and redated "January 2, 2025." (Doc. 69 at 7.) As a result, the Clerk of Court correctly treated it as a new motion rather than as an attachment

to some other filing. The new motion will be denied as duplicative of Defendant's prior motion. Based on Defendant's clarification, the prior motion will be ordered unsealed.

**2.      Motion to Clarify and for Entry of a Coordinating Order (Doc. 73)**

Defendant seeks a "coordinating order to: 1. hold adoption of the Report and Recommendation in abeyance pending compliance with existing discovery directives; 2. enforce the Government's continuing disclosure obligations already ordered by the Court; and 3. set an administrable schedule permitting limited supplemental objections and limited supplemental exhibits" to further review of the report and recommendation. (Doc. 73 at 2.) The District Judge addressed these issues during a status conference held on January 20. (Doc. 84.) There, Defendant was given leave to file supplemental objections, and the Court indicated that the report and recommendation would be addressed after briefing on the objections has concluded. As to discovery matters, the Government updated the Court as to additional disclosures it has made, and the record is clear that it is aware of its continuing disclosure obligations. Given the foregoing, a "coordinating order" is unnecessary. The motion will be denied as moot.

**3.      Motion to Clarify Arresting Agency and Warrant Execution (Doc. 82)**

Defendant asserts that this motion is "directed solely to record integrity and the prevention of continuing procedural harm caused by unresolved ambiguity regarding (1) which agency executed the federal warrant, (2) which officers exercised command and custody authority, and (3) the Government's reliance on an untested 'fugitive' predicate that carried procedural consequences." (Doc. 82 at 2.) He says that "the Court-facing record falsely appears to reflect that [he] was simultaneously a prohibited possessor, a convicted felon, and a fugitive," and that such "appearance carries procedural consequences and underscores the necessity of correcting the record to prevent any more procedural prejudice and due-process violations." (*Id.* at 3.) He therefore requests an order requiring the Government to identify all officers and agencies involved in his federal arrest and produce, among other things, "the complete warrant execution file," all "objective custody, transport, and booking documentation," and all "objective documentation supporting any

'fugitive' predicate." (*Id.* at 4–5.)

Defendant's motion lacks both a factual and legal basis. Therefore, it will be denied without a response. On the facts, Defendant is wrong that the "Court-facing record falsely appears to reflect" that he was a "prohibited possessor" and a "convicted felon." The information available to the Court is all on the docket, and none of it says that Defendant is or was either of those things.[1] And while this case indeed was sealed on the basis that Defendant was a "fugitive," he does not specify what "continuing procedural harm" he is supposedly suffering because of that sealing. Nor is any harm apparent to the Court, as the docket—which shows that Defendant is released on supervision and actively participating in his defense—makes clear that he is not a fugitive. And as previously explained, this case is no longer sealed. (Doc. 65.)[2]

On the law, Defendant cites Federal Rule of Criminal Procedure 41(f)(1)(D), stating that under that rule, "[w]here the record is ambiguous or internally inconsistent as to who executed the warrant or which agency exercised authority, the Court retains authority to require clarification, supplementation, or reconciliation of the return to protect the integrity of its proceedings." (Doc. 82 at 2.) However, that rule states, in full:

> (D) Return. The officer executing the warrant must promptly return it—together with a copy of the inventory—to the magistrate judge designated on the warrant. The officer may do so by reliable electronic means. The judge must, on request, give a copy of the inventory to the person from whom, or from whose premises, the property was taken and to the applicant for the warrant.

Fed. R. Crim. P. 41(f)(1)(D).

This rule says nothing about the Court's "retained authority" in a criminal case to order disclosure to "reconcile" an "ambiguous or internally inconsistent" arrest record for

---

[1] The bail reports indicate that Defendant has been charged with—but not convicted of—several felonies.

[2] The remaining sealed documents include the unredacted indictment, an unexecuted version of the arrest warrant, a financial affidavit, a *Henthorn* memorandum, and Defendant's sealed emergency motions. Publicly viewable versions of the indictment and warrant are available at Docket Entry Nos. 3 and 7, respectively; Defendant presumably knows the content of his financial affidavit and motions; and the Court explained why the *Henthorn* memorandum was filed under seal (*see* Doc. 36). It is simply not the case that information is being withheld from Defendant.

"record integrity" purposes. As such, the Court rejects Defendant's argument that Rule 41 authorizes such an inquiry.

The Government's disclosure obligations are governed by constitutional principles, *see Brady v. Maryland*, 373 U.S. 83, 87 (1963) (requiring disclosure of exculpatory evidence), *Giglio v. United States*, 405 U.S. 150, 154–55 (1972) (impeachment evidence); by statute, *see* 18 U.S.C. § 3500 (witness statements); and by the Federal Rules of Criminal Procedure, *see* Fed. R. Crim. P. 16(a) (defendant's statements, defendant's criminal record, expert witnesses, and other evidence that belongs to defendant, that is material to preparing a defense, or that the government intends to use in its case-in-chief), Fed. R. Crim. P. 26.2 (witness statements). Defendant here is charged with possession of an unregistered firearm and possession of a firearm without a serial number. (Doc. 3.) These charges arise from a stop and search conducted by state law enforcement officers. (*See* Doc. 45.) Defendant does not explain, and the Court cannot discern, how information concerning his *later* arrest by *federal* agents is within the foregoing categories of evidence that must be disclosed. So, Defendant's request for disclosure is not supported by the law.

**4.     Government Memorandum Dated January 16, 2026**

On January 16, the Government's counsel emailed chambers, requesting in camera review of several unsolicited communications received by counsel concerning this case. Counsel requests direction from the Court as to whether the communications must be disclosed to Defendant. The Court has reviewed the communications, which were made by self-identified neighbors of Defendant and express a desire to see this case prosecuted to judgment, and determined that they are not *Brady*, *Giglio*, or Jencks material. The Court has further determined that the communications are not subject to disclosure under Federal Rule of Criminal Procedure 16(a). Therefore, the Government need not disclose the communications to Defendant. So that there is a complete record of the Government's request, the Court will order that the Government's email, memorandum, and memorandum attachments (excluding a single voicemail) be filed on the docket under seal. . . . .

**IT IS ORDERED:**

**1.** The duplicative "Emergency Motion for In-Camera Review and Limited Disclosure of Sealed Materials Underlying 'Fugitive' Designation; and for Arrest/Execution Record Reconciliation" (Doc. 69) is **denied**.

**2.** The "Motion to Clarify Procedural Relief and for Entry of a Coordinating Order Regarding Pending Rule 59 Objections; Request to Hold Adoption of Report and Recommendation in Abeyance" (Doc. 73) is **denied as moot**.

**3.** The "Motion to Clarify Arresting Agency, Reconcile Warrant Return, and Correct the Record Regarding the Improper 'Fugitive' Predicate" (Doc. 82) is **denied**.

**4.** As set forth above, the Government need not disclose to Defendant the unsolicited email and voicemail communications received by Government counsel. The Clerk of Court must docket the Government's email, memorandum, and memorandum attachments **under seal** (no distribution needed). This Order must be filed publicly.

**5.** The Clerk of Court must **unseal** Docket Entry Nos. 62, 62-1, 62-2, 62-3, and 62-4.

Dated this 22nd day of January, 2026.

_____
Honorable Maria S. Aguilera
United States Magistrate Judge