TIMOTHY COURCHAINE
United States Attorney
District of Arizona
SARAH J. PRECUP
AUSTIN L. FENWICK
Assistant U.S. Attorneys
Arizona State Bar No. 034335
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
sarah.precup@usdoj.gov
austin.fenwick@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | |
|---|---|
| Plaintiff, | CR No. 25-CR-01354-AMM-MSA |
| vs. | GOVERNMENT'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL OBJECTIONS (DOC. 91) |
| Cody Christian Likens, | |
| Defendant. | |

On January 23, 2026, defendant Cody Christian Likens filed five Supplemental Objections (Doc. 91) to the Magistrate Judge's December 19, 2025, Report and Recommendation (Doc. 66) recommending that his motion to suppress (Doc. 26) be denied. The District Court should overrule the defendant's objections and adopt the R&R.

Taking each of the defendant's objections in turn, the internal coding of the first dispatcher broadcast versus the second is irrelevant. In both calls, the dispatcher indicated that a 911 caller reported Cody Likens was driving on a suspended license, provided the same residential address and suspect name, and gave a vehicle description consistent with Likens' vehicle. In both cases, at least one officer then radioed in regarding an attempt to contact or contact with Likens. In fact, Likens attached to his objections a report from one of the officers who reacted to the earlier "suspicious activity" broadcast, noting that in response, he "attempted to locate" Likens. (Doc 91-2.) The coding distinction is irrelevant.

As to the defendant's second objection, the earlier radio log does not contradict Officer Brandstrom's testimony. Officer Brandstrom did not testify that the dispatcher's confirmation of Likens' suspended license was broadcast over the radio. Rather, Officer Brandstrom testified that information would have been visible on the computer. (H'rg Tr. 50:19-25; 51:1-2.)

Next, as for the defendant's third objection, the earlier radio log does not contradict Officer Brandstrom's testimony that he heard the dispatch broadcast (Objection Three). Nothing in either the hearing record or any disclosure suggests otherwise.

The defendant's fourth objection is not based on the newly disclosed evidence (OVPD radio traffic related to the earlier 911 call) and should therefore be disregarded.

Turning to the defendant's last objection, he cites no authority to support his contention that the court cannot consider both broadcasts regarding his driving on a suspended license for various reasons, including that the first broadcast "was closed No Contact," that the second broadcast "was a separate ATL," and that the two "were distinct events" despite coming just hours apart and describing the same person, address, vehicle, and offense.

Given the above, the Court should overrule the defendant's objections and deny his motion to suppress.

Respectfully submitted this 30th day of January, 2026.

TIMOTHY C. COURCHAINE
United States Attorney
District of Arizona

*s/Sarah J. Precup*
*s/Austin L. Fenwick*

SARAH J. PRECUP
AUSTIN L. FENWICK
Assistant U.S. Attorneys

Copy of the foregoing served electronically or by other means this 30th day of January, 2026, to:

All CM/ECF participants.