IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America,<br><br>          Plaintiff,<br><br>v.<br><br>Cody Christian Likens,<br><br>          Defendant. | No.      CR-25-01354-001-TUC-AMM (MSA)<br><br>**ORDER** |
|---|---|

Pending before the Court are self-represented Defendant Cody Christian Likens' objections to Magistrate Judge Maria S. Aguilera's non-dispositive Orders. (Docs. 70–71, 94.) For the reasons discussed herein, the Court will overrule Likens' objections.

**I.     LEGAL STANDARD**

The Court considers the objections to a magistrate judge's non-dispositive order under the "clearly erroneous" standard. *See* Fed. R. Crim. P. 59(a) ("The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous."); 28 U.S.C. § 636(b)(1)(A). "Failure to object in accordance with this rule waives a party's right to review." Fed. R. Crim. P. 59(a).

**II.    BACKGROUND**

On October 3, 2024, Likens was stopped by Officer Brandstrom of the Oro Valley Police Department ("OVPD") for driving with a suspended license. (Doc. 45 at 14, 17–18.) After the stop, Officer Brandstrom placed Likens under arrest for driving on a suspended license, and the officers conducted an inventory search of his truck before it was towed.

(*Id.* at 17–20, 59.) During the inventory search, the officers opened a secured container in the bed of the truck and found an unregistered rifle and unregistered silencer without a serial number. (*Id.* at 20–21.)

Likens was thereafter indicted on two counts of possession of unregistered firearms and one count possession of a firearm without a serial number in violation of 28 U.S.C §§ 5845(a), 5861(d), (i), 5871. (Doc. 3.) On August 13, 2025, Likens moved to suppress the weapons asserting his Fourth Amendment rights were violated when the officer stopped his vehicle without reasonable suspicion and conducted an inventory search based on pretext. (Doc. 26.) On October 27, 2025, the Magistrate Judge held an evidentiary hearing on Likens' motion.[1] (Doc. 39.) Thereafter, the Court adopted the Magistrate Judge's Report and Recommendation (R&R) and denied Likens' Motion to Suppress. (Doc. 96.)

On January 2, 2026, Likens filed objections to the Magistrate Judge's December 19, 2025 Order denying his motion to reopen the evidentiary hearing and to the December 19, 2025 Order denying his emergency motion for in camera review and limited disclosure of sealed materials. (Docs. 70–71.) On February 6, 2026, Likens filed objections to the Magistrate Judge's January 23, 2026 Order denying his motion for in camera review and disclosure of sealed materials. (Doc. 94.) The Government responded to Likens' objections. (Docs. 80–81, 97.) The Court considers these objections in turn.

### III. DISCUSSION

#### a. Likens' objections regarding reopening the evidentiary hearing and compelling discovery are overruled.

First, Likens objects to the Magistrate Judge's denial of his motion to reopen the evidentiary hearing and compel discovery. (Doc. 70 at 2.) He seeks the Government produce "native dispatch/PSAP and radio materials (including complete audio and native CAD/radio-log audit and event-history data), and related BWC/booking/tow-inventory materials necessary to resolve the disputed chronology." (*Id.*) Likens further seeks to

---

[1] At that hearing, Likens, through counsel, cross-examined the Government's witnesses, presented evidence, and called a witness. (Doc. 39.) Additionally, the Government and Likens filed supplemental briefing following the hearing. (Docs. 44, 54.)

"[r]eopen the evidentiary hearing on a limited basis to authenticate native records and resolve material factual disputes . . . ." (*Id.*) He argues the "record was not developed with a full and fair presentation of defense evidence" because his "prior counsel refused to submit defense evidence, precipitating the Faretta hearing." (*Id.* at 5.) Alternatively, Likens requests the Court review in camera the material to determine whether disclosure is necessary. (*Id.* at 3.)

In its Order denying Likens' Motion to Suppress, the Court found that because Officer Brandstrom could "have reasonably and in good faith relied on the dispatcher's first broadcast indicating a license check had been conducted, Likens' request to re-open the evidentiary hearing . . . is both unnecessary and irrelevant." (Doc. 96 at 6.) As such, Likens' objection to the Magistrate Judge's Order denying his duplicate request is overruled.

### b. Likens' objections regarding the sealed documents and the indictment designating him as a "fugitive" are overruled.

Likens makes multiple objections relating to the indictment designating him as a "fugitive" and the unredacted indictment and arrest warrant being sealed. (*See* Doc. 70 at 7; Doc. 71; Doc. 94 at 9.) Likens argues the Government's basis for the "fugitive" designation is relevant because it may "(i) affect pretrial detention decisions and risk assessments; (ii) influence the level of force and tactics used in arrest/execution; (iii) impede access to counsel and evidence by constraining what is visible on the docket and what can be litigated pretrial; and (iv) distort the Court's understanding of Defendant's conduct and procedural posture." (Doc. 71 at 7–8.)

Based on the relevant facts in this case, Likens' "fugitive" designation and the sealed unredacted indictment and arrest warrant are irrelevant for purposes of his defense in this matter. *See* Fed. R. Evid. 401–402. Accordingly, the Magistrate Judge's Order denying this request is not clearly erroneous nor contrary to law. (*See* Doc. 65.) The Court will preclude as irrelevant any reference to his "fugitive" status at trial. The Court will further preclude Likens from filing future motions related to his "fugitive" designation

absent prior leave from the Court.

To the extent Likens seeks the Court review in camera the unredacted indictment and arrest warrant for the "non-grand-jury predicate materials supporting a court-facing fugitive/sealing representation," the Court advises him that these documents do not contain relevant "impeachment information, record-integrity information, or other favorable facts bearing on judicial integrity and disclosure obligations." (Doc. 71 at 7.) The unredacted indictment remains sealed pursuant to Court policy as it contains the prosecutor and grand jury foreperson's signatures. *See Judicial Conference Policy on Privacy and Public Access to Electronic Case Files*, United States Courts, https://www.uscourts.gov/privacy-policy-electronic-case-files (last visited Feb. 13, 2026). Further, the unredacted indictment does not include the Government's bases for designating him as a fugitive or moving to seal the indictment. Likewise, the unexecuted arrest warrant remains sealed pursuant to Court policy and does not contain the Government's basis for the "fugitive" designation or information relevant to Likens' defense. *See id.*

Likens' objections are therefore overruled.

### c. Likens' objections regarding what agency or individuals executed the arrest warrant are overruled.

Likens seeks disclosure regarding "who executed the arrest warrant, under what authority, and which agency exercised custodial authority." (Doc. 94 at 3.) He asserts this information is necessary "to identify the proper record custodians and agencies functioning as part of the prosecution team for purposes of disclosure, preservation, and attribution under *Brady v. Maryland* and its progeny." (*Id.*) Likens points to "[p]olice directed neighbor conduct and 911 calls" and "[e]x parte neighbor communications" as support for his request. (*Id.* at 3–4.) He further asserts the Magistrate Judge's Order is "contrary to law because it rejects record-integrity relief by treating an arrest-warrant execution/return ambiguity as if it were solely a discovery demand." (*Id.* at 5.)

As the Magistrate Judge's Order found, Likens' request lacks both a factual and legal basis. (Doc. 86 at 3.) Information concerning the federal agents or agency who

arrested Likens after the event at issue here is not relevant to the underlying charges or Likens defense in this matter. Further, while Likens asserts that Federal Rules of Criminal Procedure 4 and 9, not Rule 41, govern arrest warrant execution and return (Doc. 94 at 5), it is not clear to the Court how those Rules, or the cases he cites, would support his request. *See Brady v. Maryland*, 373 U.S. 83 (1963) (governing exculpatory evidence disclosure); *Giglio v. United States*, 405 U.S. 150 (1972) (governing impeachment evidence); *Kyles v. Whitley*, 514 U.S. 419, 437 (1995) (holding disclosure duties under *Brady* extend to "favorable evidence known to the others acting on the government's behalf in the case").

Accordingly, the Magistrate Judge's Order is not clearly erroneous or contrary to law, and Likens' objections are overruled.

### d. Likens' objections regarding neighbor communications are overruled.

On January 16, 2025, Government counsel emailed chambers ex parte requesting in camera review of unsolicited communications by Likens' self-identified neighbors regarding his general conduct but providing no direct or relevant evidence in this case. (Doc. 86 at 4.) The Magistrate Judge found these communications were not *Brady*, *Giglio*, or Jencks material and were not subject to disclosure under Federal Rule of Criminal Procedure 16(a). (*Id.*) The Magistrate Judge therefore found the Government need not disclose such material and ordered the Government's email and its attachments be filed on the docket under seal to preserve a complete record. (*Id.*) Likens requests the Court strike the sealed communications and "BAR further unsolicited or ex parte third-party advocacy submissions outside the adversarial process absent prior leave of the Court . . . ." (Doc. 94 at 10.) Likens asserts that restricting his access to neighbor communications that "may reflect police direction," yet permitting that communication on the "Court-facing record" "creates an impermissible back door into the record . . . . [that] cannot be reconciled with adversarial process or meaningful review." (*Id.*)

Here, the Government's request for in camera review and the unsolicited communications remain sealed on the docket to maintain a complete record in this case. While the Court cannot preclude third parties from contacting the Government regarding

this Defendant, the Court will preclude, if and when required, any introduction at trial of irrelevant or immaterial evidence. Likens' objections are overruled, and his requests to strike the sealed document and bar future communication are otherwise denied.

### e. Likens' request to file supplemental objections was granted in part.

To the extent Likens seeks an extension to file supplemental objections to the R&R (Doc. 70 at 2), the Court granted this request in part (Doc. 84), and Likens filed supplemental objections (Doc. 91). The Court subsequently adopted the R&R and denied Likens' Motion to Suppress. (Doc. 96.) As such, this duplicate request is denied as moot.

Accordingly,

**IT IS ORDERED** that Defendant's objections to the Magistrate Judge's non-dispositive Orders are **OVERRULED**. (Docs. 70–71, 94.)

**IT IS FURTHER ORDERED** that Defendant is precluded from filing further motions relating to the indictment's "fugitive" designation absent leave of the Court.

Dated this 26th day of February, 2026.

Honorable Angela M. Martinez
United States District Judge